## ROLAND S. LACOURCIERE
*vs.*
## SAM PETRILLO ET AL.

Superior Court       New Haven County       File No. 60535

MEMORANDUM FILED DECEMBER 30, 1941. .

*Francis R. Danaher,* of Meriden, for the Plaintiff.

*Herman M. Levy,* of New Haven, for the Defendants.

SIMPSON, J.   This is an action for the value of a licensed dog claimed to have been killed by the negligence of the de-fendant in the operation of his truck.

The plaintiff lives on the corner of Broad and Charles Streets, in the City of Meriden.   Broad Street is the main thoroughfare through the city, and on the day in question was separated into two lanes by an island in the middle.

On the afternoon in question the plaintiff was taking three

of his dogs out for exercise. He intended to take them out of the city in his car, which was parked by the side of the house on Charles Street, on the left-hand side of the street headed toward, Broad Street. As he let the dogs out the side door and came toward the front of the house, the dog in question ran through the opening in the hedge in front of the house, and turned right, and was eventually struck and killed by a truck at a point approximately opposite the center of Charles Street and about two feet south of the northerly curb of Broad Street extended.

Conceding that it was the defendant's truck that ran over and killed the dog, the only allegations of negligence which can be claimed to have been proven are that the operator of the truck "failed to keep a proper lookout for other traffic and creatures upon the highway" and "failed to prevent said motor vehicle from running into, upon and against said dog." To find for the plaintiff in either one or both of these respects, it must be found that the defendant failed to use reasonable care with respect to the failure alleged.

The plaintiff admits that the dog in question ran out of the yard and into the highway. Conceding the operator of the truck might reasonably have seen the dog at some point in the highway, where the truck was when the dog reached a point of danger and when it was apparent it was proceeding toward a place of danger are not known. It is therefore impossible to find that when the operator could or ought by the use of reasonable care to have seen the dog, he could thereafter by the exercise of reasonable care have avoided running over the dog.

Judgment will therefore have to be given for the defendants.